[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14226
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00299-TMP

KATHERINE DUCKWORTH,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 19, 2019)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Katherine Duckworth appeals the denial of her application for disability insurance benefits and supplemental security income. 42 U.S.C. § 405(g). Duckworth challenges the decision to discount the opinions of her consulting psychologists, Dr. David Wilson and Dr. June Nichols, and of a licensed clinical social worker, Kristy Phillips, and the finding that she was not intellectually disabled under Listing 12.05 of the Code of Federal Regulations. We affirm.

Substantial evidence supports the administrative law judge's decision to give little weight to Dr. Wilson's opinion that Duckworth was mentally disabled. The administrative law judge was entitled to discount an opinion that the doctor formed after one examination, *see* 20 C.F.R. § 404.1527(c)(2), (c)(3) (weighing the length of the medical relationship and support for the medical opinion), and that conflicted with his medical notes and with other evidence in the record, *see id.* § 416.927(c)(6) (considering "other information in your case record"). Dr. Wilson opined that Duckworth could not complete activities on schedule, be punctual, or maintain socially acceptable behavior, personal neatness, or cleanliness, but the doctor recorded that Duckworth drove herself to her evaluation, arrived on time, was dressed appropriately, and displayed normal behavior during the examination. And Dr. Nichols, social worker Phillips, treating Nurse Practitioner Philip Rogers, and doctors in the emergency room at Gadsden Regional Medical Center recorded that Duckworth acted and dressed appropriately, drove herself to and arrived

2

timely for appointments, had appropriate mood and affect, and was oriented and cooperative. Additionally, Duckworth and her husband stated in their function reports that she interacted regularly with her stepdaughter, telephoned her children, and shopped, all of which revealed, in the words of the administrative law judge, a "capability of interacting with the general-public on an occasional basis." Dr. Wilson also opined that Duckworth could comprehend and complete only short and simple instructions, concentrate for only two hours, and never report for work in a 30-day period. But Duckworth and her husband reported that she daily performed housework and babysat a 22-year-old stepdaughter she described as "slow," maintained the household finances, drove and shopped independently, and cooked "good meals" that required as long as two hours to prepare.

Substantial evidence also supports the administrative law judge's decision to discount Dr. Nichols's opinion that Duckworth had mental limitations that prevented her from working. The opinion Dr. Nichols developed after one consultative examination was not entitled to the substantial weight due the opinion of a treating doctor. *See id.* § 404.1527(c)(2). Dr. Nichols's opinion also conflicted with her findings, Duckworth's and her husband's function reports, and evidence in the record. *See id.* §§ 404.1527(c)(3), 416.927(c)(6). Dr. Nichols opined that Duckworth could not withstand pressures of everyday work based on Duckworth's statement that she had two strokes on June 27, 2014, but her treatment records

3

from the emergency room reported normal cardiovascular functions and normal readings on a chest X-ray and an echocardiogram. Dr. Nichols opined that Duckworth had cognitive deficits, but that opinion conflicted with the doctor's finding that Duckworth's recent and remote functioning were grossly intact. Dr. Nichols also opined that Duckworth could not manage her finances, but Duckworth and her husband reported that she paid bills, managed a checkbook and savings account, and handled money orders.

The administrative law judge's decision to discount Phillips's opinion also was supported by substantial evidence. Because Phillips, a licensed clinical social worker, is not considered an acceptable medical source under the regulations, *see id.* §§ 404.1513(a), 416.913(a), her opinion could not establish the existence of an impairment. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004). And Phillips's opinion that Duckworth's memory, ability to sustain a schedule, and ability to accept instructions were severely impaired was inconsistent with Phillips's treatment notes. Phillips recorded that Duckworth's depression and related symptoms improved with medication; she ordinarily had normal speech, affect, and appearance; she was cooperative; she was of average intelligence; she had an intact memory and logical thought processes; and her thought content was unremarkable. Phillips's opinion also conflicted with Duckworth's and her husband's reports about her regular activities.

4

Substantial evidence also supports the finding of the administrative law judge that Duckworth's impairments did not meet the criteria of Listing 12.05. To qualify as intellectually disabled, a claimant must satisfy three diagnostic criteria: she must have "significantly subaverage general intellectual functioning," "deficits in adaptive behavior," and "manifested deficits in adaptive behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Duckworth argues that the full-scale intelligence quotient score of 69 assigned by Dr. Wilson created a rebuttable presumption that she manifested deficits in adaptive functioning before age 22, *see Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001), but Duckworth was not entitled to the presumption because her score was "inconsistent with other evidence in the record [about her] daily activities and behavior," *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). The administrative law judge was entitled to find that evidence of Duckworth's participation in special education classes during school was overshadowed by her and her husband's reports that she daily assisted her husband to get ready for work, cared for her stepdaughter, cooked, cleaned house, and cared for pets; that she managed her finances, paid household bills, drove, and shopped; and that she had obtained a driver's license and had worked as a cashier/checker and as a short order cook. Duckworth argues that the district court used "a post hoc rationalization for affirming the denial" of benefits, but we limit our review "to an

5

inquiry into whether there is substantial evidence to support the findings of the

Commissioner," *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

We **AFFIRM** the denial of Duckworth's application for benefits.